UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT TAYLOR,

    Petitioner,

v.                                         CASE NO. 07-14984
                                                 HONORABLE ANNA DIGGS TAYLOR

THOMAS K. BELL,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Kent Taylor has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction and life sentence for first-degree murder. Petitioner alleges that, in 1983, he filed a habeas petition, which was denied on January 30, 1984. This Court's records indicate that Petitioner also filed a habeas corpus petition in 2001. United States Magistrate Judge Paul J. Komives transferred the case to the United States Court of Appeals for the Sixth Circuit, which dismissed the action for want of prosecution. *See Taylor v. Straub*, No. 01-60169 (E.D. Mich. Aug. 16, 2001); *In re Taylor*, No. 01-2116 (6th Cir. Nov. 20, 2001).

A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the

document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not received permission from the Court of Appeals to file another habeas corpus petition challenging the same conviction. His failure to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims. *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 793, 794 (2007) (*per curiam* opinion). Accordingly, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

DATED: December 6, 2007    **s/Anna Diggs Taylor**
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on December 6, 2007.

Kent Taylor, 120687
G. Robert Cotton Correctional Facility
3510 N. Elm Road Jackson,
MI 49201-8887    s/Johnetta M. Curry-Williams
Case Manager

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.