UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2008 JAN 29 P 3: 24

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

KENT TAYLOR,

    Petitioner,

v.

CASE NO. 07-14984
HONORABLE ANNA DIGGS TAYLOR

THOMAS K. BELL,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On November 21, 2007, petitioner Kent Taylor filed a habeas corpus petition under 28 U.S.C. § 2241. The habeas petition challenges Petitioner's state conviction and sentence for first-degree murder. On December 6, 2007, the Court transferred the habeas petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

Currently pending before the Court is Petitioner's letter to the Court in which he states that the Court mischaracterized his habeas petition and improperly transferred the petition to the Sixth Circuit. The Court has construed Petitioner' letter to be a motion for reconsideration. The Court may grant reconsideration if Petitioner demonstrates a palpable defect by which the Court and the parties have been misled and that correcting the defect will result in a different disposition of the case. Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005).

While it is true that the Court's Order of Transfer referred to Petitioner's pleading as one filed under § 2254, the Court did not intend to characterize the pleading as something other than what it is. When drafting the order, the Court merely overlooked the fact that Petitioner filed his

Even assuming that the Court made a palpable defect, correcting the order would not result in a different disposition of the case, because the statute governing second or successive habeas petitions "applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006), *cert. denied*, __ U.S. __, 126 S. Ct. 2064 (2007). Petitioner is a state inmate challenging a state conviction and this is his third habeas petition challenging the same conviction. He "may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (quoted in *Rittenberry*, 468 F.3d at 336 n.3). Therefore, the Court did not err when it transferred Petitioner's § 2241 habeas petition to the Sixth Circuit as a second or successive petition. Petitioner's motion for reconsideration (Doc. 3, Jan. 3, 2008] is DENIED.

DATED: January 29, 2008        **s/Anna Diggs Taylor**
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on January 29, 2008.

s/Johnetta M. Curry-Williams
Case Manager